STILLWATER MILLING CO., PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 5687. Decided October 30, 1926.

1. Additional allowance for amortization of war facilities denied
for want of proof.

2. Amount expended by petitioner for repairs in 1920 deter-
mined.

*Charles H. Garnett, Esq.,* for the petitioner.
*Robert A. Littleton, Esq.,* for the respondent.

In this proceeding the petitioner seeks a redetermination of defi-
ciencies in income and profits taxes for the years 1919 and 1920 in
the sums of $106.04 and $305.44, respectively.

The errors alleged are, first, the denial of an allowance for amor-
tization of war facilities as a deduction from income in the year
1919; second, the prorating of the erroneous sum of $2,204.04 as 1918
taxes, instead of the correct sum of $290.40, in determining invested
capital for 1919; and third, the disallowance of the deduction of
the sum of $4,575.81 as expense in the year 1920.

#### FINDINGS OF FACT.

In the year 1918 the United States Food Administration required
the petitioner to remodel its mill so that it would be suitable for
the manufacture or production of whole wheat flour. The change
necessitated the installation of certain new machinery and the re-
arrangement of practically all the old machinery, which was continued
in use. The total expenditure for the remodeling of the mill was
$6,339.33. The greater part of this expenditure was for labor. In
1919, after the Food Administration had relaxed its requirements,
the mill was restored to its prewar condition. This restoration
necessitated a rearrangement of practically all of the machinery.
The machinery which had been installed in 1918 was retained by
the petitioner and continued in use. There was left over a small
amount of lumber and other surplus materials which the petitioner
sold for $118.67. Of the amount expended in 1918 in remodeling
the mill, the Commissioner allowed as a deduction against the tax-
payer's income for 1918 the sum of $4,058.65.

The petitioner included in one account all of its expenditures for
improvements, replacements and repairs. At the close of the year
the various items were examined by the bookkeeper and the presi-
dent of the corporation and carefully segregated into the various

classifications. In 1920 the petitioner expended, in making repairs, the sum of $4,575.81. This amount was claimed by the petitioner as a deduction and denied by the Commissioner upon the ground that it represented a capital expenditure.

In arriving at the petitioner's invested capital the Commissioner prorated $2,204.04 as the amount of taxes paid for the year 1918. The amount of tax actually paid was the sum of $290.40.

OPINION.

GREEN: Of the total amount expended by the petitioner in remodeling its plant for the purpose of manufacturing war-time flour, the Commissioner has allowed, as a deduction in 1918, $4,058.65. The petitioner contends that the remainder, less $118.67 received from the sale of lumber and other small items, should be allowed as a deduction in 1919. It appears, however, that when the mill was remodeled in 1918, certain machinery was purchased, some new and some second-hand, and that this machinery was continued in use by the taxpayer after the mill was restored in 1919 to its prewar condition. The cost of this machinery does not appear in the record, and, except for the fact that the major portion of the amount expended in 1918 was due to labor, we have no information as to the proportionate amount representing the cost of the machinery, and we are not in position to say that the petitioner has not been allowed as a deduction the full amount to which it is entitled under the law.

From the record it appears that the petitioner kept its accounts covering expenditures in a rather irregular manner by posting improvements, replacements and repairs in one account until the end of the year, at which time the amounts expended for repairs were segregated from the capital expenditures. At that time the petitioner's bookkeeper and president checked each item and listed as repairs only such amounts as were expended for the purpose of keeping the plant in running condition. The evidence convinces us that the petitioner expended the sum of $4,575.81 in making repairs in the year 1920, and is entitled to a deduction of that amount.

With reference to the taxes for 1918 prorated in determining the petitioner's invested capital for 1919, the Commissioner has admitted that the proper amount is $290.40, instead of $2,204.04, as used in his computation.

*Judgment will be entered on 15 days' notice, under Rule 50.*